IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Jack Kang,**<br><br>            Plaintiff,<br><br>   v.<br><br>**FOREVER 21 RETAIL INC.,**<br><br>            Defendant. | C.A. NO. 19-00770-LPS |

**PLAINTIFF JACK KANG'S OPPOSITION TO
DEFENDANT FOREVER 21 RETAIL INC.'S MOTION TO
DISMISS PURSUANT TO F.R.C.P. 12(b)(3)**

June 17, 2019

Legal Justice Advocates, LLP

Yvette J. Harrell, Esq.
1629 K Street NW, Suite 300
Washington, D.C. 20006
(202)803-4709
yh@legaljusticeadvocates.com

*Attorney for Plaintiff Jack Kang*

STAMOULIS & WEINBLATT LLC

Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Of Counsel*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................1

TABLE OF AUTHORITIES .........................................................................................2

TABLE OF EXHIBITS ...........................................................**Error! Bookmark not defined.**

I.    INTRODUCTION ..............................................................................................4

II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ....................6

III.  SUMMARY OF THE ARGUMENTS..................................................................6

IV.   STATEMENT OF FACTS..................................................................................7

    A.   The Patent Infringement Lawsuit..................................................................7

    B.   The Parties..................................................................................................8

V.    STATEMENT OF LAW ....................................................................................8

VI.   ARGUMENT ..................................................................................................13

    A.   Forever 21's Alleged Facts Do Not Support that the Suit Could Have Been Brought in the W.D. Washington Under the Patent Venue Statute .....**Error! Bookmark not defined.**

    B.   The Private Interest Factors Do Not Strongly Weigh in Favor of Transfer.................. 13

        1.   Plaintiff's Choice of Forum Should be Accorded Substantial Weight When the Choice of Forum is the Only State in Which Defendant Resides........................... 13

        2.   Forever 21's Choice of Forum is Neutral .................**Error! Bookmark not defined.**

        3.   Where the Claim Arose is Neutral ...........................**Error! Bookmark not defined.**

        4.   Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition Weighs Against Transfer ..................................................... 15

        5.   Convenience of the Unavailable Witnesses is Neutral ........................................... 15

        6.   Location of Relevant Books and Records is Neutral ............................................... 16

    C.   The Public Interest Factors Do Not Weigh in Favor of Transfer................................. 17

        1.   Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive is Neutral................................................................................. 17

        2.   The Relative Administrative Difficulty in the Two Fora Resulting From Court Congestion is Neutral...............................................**Error! Bookmark not defined.**

        3.   The Local Interest in Deciding Local Controversies at Home is Neutral ............... 18

CONCLUSION.......................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Amgen, Inc. v. Ariad Pharms., Inc.*,
   513 F.Supp.2d 34 (D.Del. 2007) .......................................................................... 10

*Cray, Inc.*, *In re*,
   871 F.3d 1355 (Fed.Cir. 2017) .......................................................................... 10

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
   821 F.Supp. 962 (D.Del. 1993) .......................................................................... 10

*Intellectual Ventures I LLC v. Altera Corp.*,
   842 F.Supp.2d 744 (D.Del. 2012) ................................................................... 7, 16

*Job Haines Home for the Aged v. Young*,
   936 F. Supp. 223 (D.N.J. 1996) .......................................................................... 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................ 7, 13

*Link-A-Media*, *In re*
   662 F.3d 1221 (Fed.Cir. 2011) .......................................................................... 9

*Mallinckrodt Inc. v. E-Z-Em, Inc.*,
   670 F.Supp.2d 349 (D.Del. 2009) ...................................................................... 10

*Micron Tech., Inc. v. Rambus Inc.*,
   645 F.3d 1311 (Fed.Cir. 2011) .......................................................................... 12

*Nintendo Co., Ltd.*, *In re*,
   589 F.3d 1194 (Fed.Cir. 2009) .......................................................................... 7

*Papst Licensing GmbH & CO. KG v. Lattice Semiconductor Corp.*,
   126 F.Supp.3d 430 (D.Del. 2015) ................................................................... 13, 16

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys.*,
   C.A. No. 14-617-GMS, 2015 U.S. Dist. LEXIS 100733 (D.Del. July 31, 2015) ............... 11, 16

*Scientific Telecomm., LLC v. Adtran, Inc.*,
   C.A. No. 15-647, 2016 U.S. Dist. LEXIS 55099 (D. Del. Apr. 25, 2016) ...................... 12, 16

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) .............................................................................. 7

*Smart Audio Techs., LLC v. Apple, Inc.*,
   910 F.Supp.2d 718 (D.Del. 2012) ................................................................. passim

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S.Ct. 1514 (2017) ............................................................................ passim

*W.R. Berkley Corp. v. Niemela*,
   C.A. No. 17-CV-00032-GMS, 2017 U.S. Dist. LEXIS 149918
   (D.Del. Sept. 15, 2017) ............................................................................ 15, 16

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
    775 F.Supp. 759 (D. Del. 1991) ........................................................................... 9, 11

**Statute**

28 U.S.C. §1400(b) ........................................................................................................ 6, 10

28 U.S.C. §1404(a) .......................................................................................................... 6, 7

28 U.S.C. §1404(b) ............................................................................................................. 8

Comes now, Plaintiff, Jack Kang (hereinafter "Kang"), and files the following opposition to Defendant Forever 21, Inc.'s Motion to Dismiss pursuant to F.R.C.P. 12(b)(3) (" Forever 21's Motion")). Forever 21's Motion seeks to dismiss the case, with prejudice, or in the alternative have the matter transferred to ("C.D. California").

## I.    INTRODUCTION

Forever 21 does not meet its burden for their contention that this case should have been brought in Central District of California. Forever 21 argues that because Plaintiff is a resident of California and because a "substantial part of the acts giving rise to Plaintiff's claims" occurred in California, venue in this District is improper. Yet, within its own filings (D. 5 and D. 6), Forever 21 declares that Forever 21 Retail, Inc., is a Delaware corporation and in their Motion to Dismiss they cite to 28 U.S.C. §1391 (b)(1), which states a civil action may be brought in a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located…" As Delaware is the place of incorporation for Forever 21 Retail Inc., Forever 21 is deemed to "reside" in Delaware. In addition, being that Defendant Forever 21 Retail Inc., is the only defendant in this matter, there are no other defendants which would render Delaware an inappropriate venue under the rule. Moreover, the specific language of the rule is permissive in nature, and states that an action "**may** be brought in…" *(emphasis added)*, clearing evincing an intent to give some level of deference to the tactical choices made by a litigating plaintiff.

Furthermore, the Supreme Court re-enforced a widely accepted venue analysis in *TC Heartland*, which provides a direct answer to the question of appropriate forum choice. Under *TC Heartland*, the cited to 28 U.S.C. §1391(c) and noted that a "corporation is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." The Defendant Forever 21 admittedly is

4

incorporated in and therefore resides in Delaware. Kang filed this case in the Defendant's State of Incorporation.

Forever 21 seeks to transfer the case to a district where it does not reside. It argues that the only appropriate forum for this action would be in the Central District of California, where Kang resides. Forever 21 cites no rules, or case law for their position, other than general citations to the United States Code. Kang does not take the position that the action could *not* have been brought in California, rather that the action is rightfully and appropriated brought in Delaware, the Defendant's place of incorporation, and the Plaintiff's chosen forum. The choice of where to incorporate is one left to the entity, however choosing to incorporate (and thus reside) in a certain state, necessitates that that entity is thereby opening itself up to litigation within that state. Accordingly, while there may be other appropriate forums for action, the state of incorporation is indeed, appropriate.

Forever 21 does not include a substantive argument in its Motion to Dismiss, but it appears as if there may be a potential convenience analysis that it being presented. In this case, the only place in which a defendant resides should be given substantial weight in the venue convenience analysis, particularly for a company such as Forever 21 with hundreds of employees and several millions of dollars in annual revenue. It should be very difficult for Forever 21 to argue that the place in which it resides, and significantly benefits from the laws of the jurisdiction, is inconvenient for litigation. Defending against litigation in Delaware, its place of incorporation and therefore its place of residence, does not create any unique or unexpected burden on Forever 21. If there is any venue in which a company should expect to be sued, it is their place of residence. Forever 21's Motion to Dismiss this matter and in the alternative transfer the case to the C.D. California should therefore be denied.

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On April 28, 2019, Kang filed a complaint for violations of the Americans with Disabilities Act .  Forever 21 filed its Motion to Dismiss for Improper Venue and its Memorandum in Support of said Motion on June 3, 2019.  Plaintiff Kang files this response, opposing Defendant's attempts to have this Court dismiss the matter with prejudice, or in the alternative, transfer the case to the C.D. of California.

## III.    SUMMARY OF THE ARGUMENTS

1.    Forever 21 has not satisfied its burden of showing that this case should be dismissed for improper venue or in the alternative, transferred to C.D. California.  The argument presented by Forever 21 is there are "no facts that make connection to any actions taken by or against Plaintiff in this Judicial District," but makes no argument against why the filing of an action in the place of a defendant's place of incorporation is not a valid or appropriate forum, or otherwise inconvenient.

2.    Even if the case could have been brought in the C.D. California, the private and public interest factors are effectively neutral in this case.  Kang chose to file the lawsuit in Delaware, which is the only place in which Defendant resides, as is his prerogative.  Forever 21 avails itself of the corporate protections and rights afforded to companies incorporated in Delaware.  It necessarily follows that they would also be subject to litigation within the same forum.  There is no surprise that an entity would be open for litigation within the same forum in which it has availed itself of the state's benefits As previously stated, keeping the case in Delaware, where it resides, would not create any unique or unexpected burden on Forever 21.

## IV.    STATEMENT OF FACTS

### A.    The Americans with Disabilities Act

The Americans with Disabilities Act (ADA) became law in 1990. The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else. The ADA is divided into five titles (or sections) that relate to different areas of public life.  At issue in this case is Title III of the Americans with Disabilities Act, which, broadly speaking, prohibits discrimination in places of public accommodation against individuals with disabilities.

Plaintiff Kang, filed this litigation because his attempts at accessing the Defendant's website were hindered because of Defendant's website accessibility issues.  Plaintiff, as a Visually-impaired individual, was unable to access the Defendant's website and consequently its locations as well.  Plaintiff, Mr. Kang, is afforded rights under the Americans with Disabilities Act which mandate that he have the same access to a website, as a place of public accommodation, and in the same manner as a sighted individual.  42 U.S.C. § 12182.

Kang is a visually impaired, legally blind person who requires screen reading software to access website content using his computer and mobile device.  Blind and visually impaired users of personal computers and mobile electronic devices have several screen reading software programs available to them. Even using his screen reader, Kang was unable to access the website as the information on the website is incapable of being rendered into an audible format by the screen reader software.  When the website content is not capable of being rendered into an audible format by the screen reader software, the blind or visually impaired user is unable to

access the same content available to sighted users.

Plaintiff's lawsuit demands injunctive and declaratory relief against Forever 21, seeking to cause the Court to declare that the website is inaccessible and to require that Forever 21 undertake some affirmative action to make the website accessible for visually impaired individuals, and the company's ongoing discrimination against the visually impaired.

### B.    The Parties

Forever 21 Retail, Inc., is a Delaware corporation with its corporate headquarters in California. Defendant is a major American retailer with operations nationwide, and has experienced massive growth in the past decade.  Defendant is a privately held company, with limited public information available.

Plaintiff Kang is a legally blind, California resident, who has sought to use the websites run by Defendant Forever 21, Retail, Inc., but was unable to do so when the website's functionality for screen reader software platforms was improvidently designed and implemented by the company.

### V.    STATEMENT OF LAW

Defendant seeks a dismissal based upon 28 U.S.C. § 1406(a).  Under 28 U.S.C. § 1406(a), the district court of a district in which is filed a case laying venue in the **wrong** division or district shall dismiss, or if in the interest of justice transfer the case to a division which it could have been brought.

8

In order for Defendant to succeed on their requested relief, they must establish that venue was wholly improper under one of the grounds listed in 28 U.S.C. § 1391(b). Defendants have clearly failed to do so. While Defendant's requested relief may be possible had Plaintiff sought venue under 28 U.S.C. § 1391(b)(2), which relies on the locale of the events for venue, Plaintiff's grounds for venue in Delaware arise under 28 U.S.C. § 1391(b)(1), which allows for bringing a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district was located;" As Forever 21 cannot reasonably contend they are not residents of Delaware, their requested relief is not permissible under the section of the U.S. Code cited by the defendants. Because venue was proper under 28 U.S.C. 1391(b)(1), relief under 28 U.S.C. § 1406(a) is not available. Notably, two venue transfer statutes exist: 28 U.S.C. §§ 1404 and 1406. The former permits a district court in which venue is proper to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(1). The latter permits a district in which venue is improper to either dismiss or transfer the case to a court where venue would otherwise be proper. 28 U.S.C. § 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962).

Moreover, a district court may transfer an action to any other district where the case might have been brought if the transfer is for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. §1404(a). Inasmuch as Defendant cannot reasonably contend that venue would be improper in Plaintiff's proposed fora, the Defendant's state of incorporation, 28 U.S.C. § 1404(a) controls the instant Motion, and the case cannot be dismissed:

**§ 1404. Change of venue** :

(a) For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a).

"Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. Gito St. Riel, 495 F.3d 72, 76 (3d Cir. Pa. 2007). In exercising this discretion, the court must remain mindful that . . . "The burden of establishing the need for transfer . . . rests with the movant." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts consider a variety of factors in determining the proper forum, and "[w]hile there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Id. Still, "[w]hether to transfer a case is generally committed to the discretion of the district courts." In re United States, 273 F.3d 380, 387 (3d Cir. 1995).

Of particular importance to this Court's consideration of the matter is the guidance promulgated by earlier courts when considering a motion to change venue, or as in this case, dismiss on venue grounds: "a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . 'should not be lightly disturbed.'" Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F.Supp. 270, 272 (S.D. Ill. 1969)). Thus, "'a transfer should not be liberally granted.'" Id. (quoting Handlos v. Litton Industries, Inc., 304 F.Supp. 347, 352 (E.D. Wis. 1969)).

As such, "'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" Id. (quoting Owatonna Manufacturing Company v. Melroe Company, 301 F.Supp. 1296, 1307 (D. Minn. 1969)). Wilkinson v. Progressive Ins. Co.,

No. 10-CV-1760, 2011 U.S. Dist. LEXIS 14063, at *3-4 (M.D. Pa. Feb. 14, 2011). *See also*, Reassure Am. Life Ins. Co. v. Midwest Res., Ltd., 721 F. Supp. 2d 346, 352 (E.D. Pa. 2010) ("The defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district. '[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'") (internal citation omitted); Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP, No. 08-CV-4786, 2009 U.S. Dist. LEXIS 75257, at 9 (E.D. Pa. Aug. 24, 2009) ("There is nothing … in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." (quoting Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964))).

The private and public factors to be considered by the court in assessing a request to transfer venue on the basis of convenience, include: [T]he plaintiff's forum preferences; Defendant's preferences; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records . . . [e]nforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of trial judges with the state law for diversity cases. Aamco Transmission Inc. v. Johnson, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). See also Falu-Rodriguez v. Democracia USA, Inc., No. 10-CV-3811, 2011 U.S. Dist. LEXIS 833, at *4-5 (E.D. Pa. Jan. 4, 2011) (noting the factors discussed in Jumura, and highlighting the need to assess "the convenience of the parties as

indicated by their relative physical and financial condition," as well as "the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).").

Here, the Defendant does not actually request a transfer of venue, except as a parenthetical sentence for C.D. California. However, again for the purposes of venue under the rules, it is appropriate that the proceeding is brought in the state where the defendant resides, its state of incorporation.

If Defendant's primary requested relief is denied (dismissal), but this Court considers transferring venue to the C.D. California, the court must first undertake a balancing test weighing the *Jumara* public and private interest factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Under *Jumara*, the private interests include: "[1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. The public interest may include: "[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

## VI.    ARGUMENT

Forever 21 has not presented any argument of the case being needing to be brought in C.D. California, nor have they carried their burden of establishing the need for a transfer by use of affidavits or any other competent evidence, or even by citation to anything more than a mere statute.

Absent any subsequent argument, Forever 21 has not met its burden of showing that the case could have been brought in the C.D. California. Even if the case could have been brought in the C.D. California, the public and private interest factors are neutral such that Forever 21 has not satisfied its heavy burden because the balance of convenience and justice does not strongly favor Forever 21.  Forever 21's Motion, therefore ought be denied.

### A.    The Private Interest Factors Do Not Strongly Weigh in Favor of Transfer

Even if the Court finds that the case could have been brought in the C.D. of California, the private interest factors do not strongly favor transfer to the C.D. of California.

### 1.    Plaintiff's Choice of Forum Should be Accorded Substantial Weight When the Choice of Forum is the Only State in Which Defendant Resides

In the instant matter, Plaintiff Kang has elected to travel to the Defendant's state of incorporation.  "When a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware." *Mallinckrodt Inc. v. E-Z-Em, Inc.*, 670 F.Supp.2d 349, 357 (D. Del. 2009) ; *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F.Supp. 962, 965 (D.Del. 1993).  While Mr. Kang is not a corporation, Forever 21's purposeful availment of Delaware as a residence cannot be ignored, or discounted.  Neither can Mr. Kang's chosen venue, and affording Mr. Kang's choice

substantial weight, even in light of the other factors, results in the conclusion that this case must remain in Delaware. This factor clearly militates in the favor of the Plaintiff, Mr. Kang.

### 2. Plaintiff's location is not where the discrimination occurred.

The Defendant's chosen forum of California is based upon the Defendant's contention that the events occurred in California, and that Mr. Kang is a California resident. While it is true that Mr. Kang experienced discrimination while using the Internet from California, Mr. Kang suffered discrimination in cyberspace. While Mr. Kang was physically located in California, the discrimination he suffered affected his ability to shop online or access the privileges afforded to other customers at **ALL** of the Defendant's physical locations, not simply the physical locations within 5 or 10 miles of his home.

Considering that the impact of Forever 21's discriminatory actions impacted Mr. Kang's ability to shop at Forever 21 locations in Delaware, California, and nationwide, the Defendant's cited justifications for dismissal or transfer are irrelevant to the discrimination experienced, as is the physical location Mr. Kang was attempting to shop from. Forever 21 ignores one of the primary benefits online retailers experience, and that is the ability to offer customers items in supply at stores outside of their normal traveling radius, but unavailable within traveling range. For this reason, where Mr. Kang was situated when the cause of action arose is irrelevant to the venue analysis. Mr. Kang was prevented from shopping at Forever 21: Forever 21 in California, Forever 21 in Delaware, and Forever 21 in all of the other states where they operate. This factor militates in the favor of the Plaintiff, Mr. Kang.

### 3.    Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition Weighs Against Transfer

This factor "ultimately requires the court to determine how much inconvenience each party will suffer should it be forced to litigate in the other party's desired forum as opposed to its own." *Smart Audio*, 910 F.Supp.2d at 731.  Forever 21 is a global corporation with worldwide reach, Given Forever 21's size, it is unlikely that keeping the case in Delaware would cause it much inconvenience.  *Smart Audio*, 910 F.Supp.2d at 718.  "[D]efendant clearly operates on a global basis, and its incorporation in Delaware reflects its recognition that Delaware is an appropriate jurisdiction for resolution…"  *Scientific Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647, 2016 U.S. Dist. LEXIS 55099 *3 (D. Del. Apr. 25, 2016).  By incorporating in Delaware, Forever 21 "willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1332 (Fed.Cir. 2011).

In comparison, Mr. Kang is a disabled individual who frequently advocates on behalf of the disabled, and is a familiar litigant in the state and federal courts in the State of Delaware.  Mr. Kang chose the most convenient forum for him, Delaware, in which jurisdiction and venue certainly existed for Forever 21.  Given the relative sizes of Forever 21 and Mr. Kang's financial portfolios, and the fact that Forever 21 has introduced no arguments citing their financial condition as a necessity to litigate in California, this factor weighs against transfer.

### 4.    Convenience of the Unavailable Witnesses is Neutral

This factor is only given weight when there is some reason to believe that a witness may be actually unavailable for trial in either one of the forums.  *Jumara*, 55 F.3d at 879; *Smart Audio*, 910 F.Supp.2d at 732 ("this factor is only given weight when there is some reason to believe that a witness actually will refuse to testify absent a subpoena.").  It is Forever 21's burden to show

that the particular witness is unavailable and the witness's importance to the case. *Smart Audio*, 910 F.Supp.2d at 732. Forever 21 must show "what reason there is to think that the person will 'actually' be unavailable for trial (as opposed to the proffer of a guess or speculation on that front.)" *Papst Licensing GmbH & CO. KG v. Lattice Semiconductor Corp.*, 126 F.Supp.3d 430, 442 (D.Del. 2015); *also Smart Audio*, 910 F.Supp.2d at 732. To date, Forever 21 has not met that burden. Forever 21 hasn't inappropriately guessed or speculated as to their unavailability at trial; to the contrary, Forever 21 hasn't made any argument that the witnesses required weigh in favor of transferring this action to California. *Papst*, 126 F.Supp.3d at 442; *Smart Audio*, 910 F.Supp.2d at 732. Because there is no reason to believe that any of the witnesses may be actually unavailable for trial in either one of the forums this factor is neutral. *Papst*, 126 F.Supp.3d at 443; *Smart Audio*, 910 F.Supp.2d at 732 ("the mere distance between California and Delaware is not enough to tip this factor in [defendant's] favor").

### 5.    Location of Relevant Books and Records is Neutral

The final private interest factor is the location of documents to the extent that the files could not be produced in the alternate forum. *Jumara*, 55 F.3d at 879. "[E]lectronic storage and transfer of documents have made this factor somewhat antiquated." *Smart Audio*, 910 F.Supp. at 732. Although the location of relevant books and records must be considered, the court has found that at most "this factor weighs ever so slightly in favor of transfer." *Id*. In fact, Forever 21 never contends that the documents are stored in California. Because Forever 21 does not allege that the information is stored in the C.D. of California the files are likely electronically stored elsewhere and the information can just as easily be accessed by Forever 21 at a physical location of its business within the subpoena power of this Court. Furthermore, the records at issue relate to

software and computer access issues.  It is exceedingly likely that the records at interest in the case will be entirely digital, and will consist of software code that can be sent via digital means.

This factor is therefore neutral.

### B.    The Public Interest Factors Do Not Weigh in Favor of Transfer

Plaintiff Kang posits that the following factors are neutral or inapplicable: enforceability of the judgment, public policies of the fora, and familiarity with applicable state law.  A judgment from this Court or a California court could be enforced against Forever 21, which is a large, nationwide retailer with operations on both coasts.  In the current matter, there are no state statutes at issue, as the Plaintiff seeks relief under the federal Americans with Disabilities Act, and the public policies of both fora have been to combat discrimination under the same federal statute.

As explained below, the remaining public interest factors are also neutral.

### 1.    Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive is Neutral

Forever 21's arguments ignore this factor completely.  Forever 21 does take a position on whether California or Delaware would be easier, more expeditious or inexpensive.  There is no indication that resolving this matter in Delaware would be harder, longer or more costly than litigating in California.  Defendants advanced no arguments, and offered no evidence on this point.

Moreover, Forever 21 also does not address the broader public costs of proceeding in one district or the other.  *W.R. Berkley Corp. v. Niemela*, C.A. No. 17-CV-00032-GMS, 2017 U.S. Dist. LEXIS 149918, *10 (D.Del. Sept. 15, 2017).  In this case, where there are no co-pending cases, there is no benefit to the public or to the court to have the proceedings in one district versus the other.  This factor is therefore neutral.

## 2.    The Local Interest in Deciding Local Controversies at Home is Neutral

"A district does not have a local interest in resolving litigation simply by virtue of having one of the parties present there. To hold otherwise would be to give undue weight to the location of the parties, which has already been accounted for in the private interest factors analysis." *W.R. Berkley*, 2017 U.S. Dist. LEXIS 149918, *13.   Forever 21 has not "shown that this case has outsized resonance to the citizens of the transferee district, or that its outcome would significantly impact that district." *Papst*, 126 F.Supp.3d at 445. In fact, the discrimination experienced by Mr. Kang affects residents of Delaware, California, and every other state that has blind residents. Website accessibility is a national controversy, and the effects the discrimination has affects commerce nationwide.  Mr. Kang is proceeding under the Americans with Disabilities Act, based on the discrimination he experienced, but his suit is intended to benefit all similarly situated individuals in America.  To construe this as a local matter only would be to ignore the widespread effects Forever 21's policies have.

On the other hand, "Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations."  *Intellectual Ventures*, 842 F.Supp.2d at 750.  As a Delaware resident, Forever 21 regularly acts within Delaware as part of its corporate responsibilities.  Absent some showing of a unique or unexpected burden, Forever 21 should not be successful in arguing that it is inconvenient to litigate in the district in which it resides.  *See Intellectual Ventures*, 842 F.Supp.2d at 756; *Scientific Telecomm.*, 2016 U.S. Dist. LEXIS 55099 *3.

As shown above, the private and public factor are at worst, neutral, and when adequately considered, they militate in favor of Mr. Kang and his chosen venue.  Forever 21 is a massive international company that will not suffer any unique or unexpected burden by having to defend

18

against an assertion of discrimination in the place it resides.  Even if there were some minor factors leaning toward transfer, Forever 21 has not satisfied its heavy burden because the factors do not strongly favor transfer, nor have they advanced any arguments or evidence to support their position beyond pointing out that Mr. Kang lives in California. *Smart Audio*, 910 F.Supp.2d at 734;  *Papst*, 126 F.Supp. at 436; *W.R. Berkley*, 2017 U.S. Dist. LEXIS 149918, *3; *Rothschild*, 2015 U.S. Dist. LEXIS 100733, *22-*23.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Transfer should be denied.


June 17, 2019

OF COUNSEL:

Legal Justice Advocates, LLP
Yvette J. Harrell, Esq.
1629 K Street NW, Suite 300
Washington, D.C. 20006
(202)803-4709
yh@legaljusticeadvocates.com

*Attorney for Plaintiff Jack Kang*

STAMOULIS & WEINBLATT LLC

 */s/ Stamatios Stamoulis*
Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiff Jack Kang*

19

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 17, 2019, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.


*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606